UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ARTHUR COOPER,

        Petitioner,

v.                      Case No. 3:15-cv-318-J-34JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

        Respondents.

## ORDER

### I. Status

Petitioner Arthur Cooper, an inmate of the Florida penal system, initiated this action on March 5, 2015,[1] by filing a pro se Motion for Habeas Corpus Relief (Petition; Doc. 1) under 28 U.S.C. § 2254. He filed an Amended Petition (Doc. 8) on July 15, 2016. In the Amended Petition, Cooper challenges a 2010 state court (Suwannee County, Florida) judgment of conviction for lewd and lascivious battery. Respondents have submitted a memorandum in opposition to the Amended Petition. See Respondents' Response to Petition for Writ of Habeas Corpus (Response; Doc. 17) with

---

[1] Giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to the prison authorities for mailing to this Court. See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

exhibits (Resp. Ex.). On October 31, 2016, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. 12), admonishing Cooper regarding his obligations and giving Cooper a time frame in which to submit a reply. On October 19, 2017, Cooper notified the Court that he does not intend to file a reply. <u>See</u> Motion to Rule (Doc. 22). This case is ripe for review.

## **II. One-Year Limitations Period**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Cooper has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). The following procedural history is relevant to the one-year limitations issue. On September 11, 2001, the State of Florida charged Cooper with six counts of lewd and lascivious battery on a child in Suwannee County circuit court case number 2001-CF-256 (Suwannee case). See Resp. Ex. 2A at 1-3. Pursuant to a negotiated plea agreement, see id. at 5-7, Cooper entered a plea of guilty to counts one, two and three, see id. at 8.[2] The court sentenced Cooper to seven years of sex offender probation with the first two years on community control. See id. at 8-9, 15-22.

In another case (Columbia County circuit court case number 2001-CF-465 (Columbia case)), the State of Florida charged Cooper with two counts of lewd and lascivious battery on a child. See Resp. Ex. 1A at 11-12. Pursuant to a negotiated plea agreement, see

---

[2] Counts four, five and six were nolle prossed. See Resp. Ex. 2A at 5, 11.

id. at 96-97, Cooper entered a plea of guilty to count one.[3] The court sentenced Cooper to seven years of sex offender probation with the first two years on community control, to run concurrently with the Suwannee case. See id. at 98-100, 102.

In early April 2006, a probation officer filed affidavits of probation violation in the Suwannee and Columbia cases. See Resp. Exs. 1A at 117-18; 2D at 12-13. On May 30, 2006, the court revoked Cooper's probation and sentenced him to concurrent three-year terms of imprisonment followed by seven years of sex offender probation. See Resp. Exs. 1A at 128-33, 204-08; 2A at 28-32; 2D at 14-31; 2E.

In July 2009, a probation officer filed affidavits of probation violation in the Suwannee and Columbia cases. See Resp. Exs. 1B at 210; 2A at 35-36. Cooper, with the benefit of counsel, filed a motion to suppress an audio recording of a conversation between him and the victim that was the basis for the violations. See Resp. Ex. 2A at 44. The circuit court held an evidentiary hearing on November 5, 2009, see Resp. Exs. 1C; 2C, and ultimately denied the motion, see Resp. Exs. 1B at 231; 2A at 49. On April 8, 2010, circuit court Judge Paul Bryan held an evidentiary hearing on the alleged violations of probation in both cases. See Resp. Exs. 1D; 2B. The court found that Cooper violated his probation. In the Suwannee case, the court sentenced him to a term of imprisonment of fifteen years for count one and fifteen-year terms of sex offender

---

[3] Count two was nolle prossed. See Resp. Ex. 1A at 96, 101.

probation for counts two and three, to run consecutively to each other and the sentence imposed for count one. See Resp. Exs. 1D at 127-28; 2B at 127-28. In the Columbia case, the court sentenced Cooper to fifteen years of sex offender probation, to run consecutively to the term of imprisonment for count one in the Suwannee case, and concurrently with count two in the Suwannee case. See Resp. Exs. 1D at 129; 2B at 129.

On September 27, 2010, Cooper filed a pro se motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(b) (Rule 3.800(b) motion). See Resp. Ex. 3B. The circuit court denied the Rule 3.800(b) motion on November 19, 2010. See Resp. Ex. 3C. With the benefit of counsel, Cooper filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2) (Rule 3.800(b)(2) motion). See Resp. Ex. 3D. In the Rule 3.800(b(2) motion, Cooper sought additional credit for time served. The State responded. See Resp. Ex. 3E. On January 14, 2011, the circuit court found that Cooper was entitled to additional credit, estimated the amount, and directed the Florida Department of Corrections to calculate and apply the precise amount. See Resp. Ex. 3F.

On direct appeal, Cooper, with the benefit of counsel, filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). See Resp. Ex. 3G. The appellate court granted Cooper leave to file a pro se brief on March 10, 2011. See Resp. Ex. 3H. Instead, Cooper

5

filed a notice of voluntary dismissal. See Resp. Ex. 3I. On March 29, 2011, the appellate court dismissed Cooper's appeal pursuant to Florida Rule of Appellate Procedure 9.350(b).[4] See id.

Cooper's conviction became final on Monday, June 27, 2011 (90 days from March 29, 2011).[5] See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."). Because Cooper's conviction was after April 24, 1996, the effective date of the AEDPA, Cooper had one year from the date his conviction became

---

[4] Florida Rule of Appellate Procedure 9.350 provides:

> (b) Voluntary Dismissal. A proceeding of an appellant or petitioner may be dismissed before a decision on the merits by filing a notice of dismissal with the clerk of the court without affecting the proceedings filed by joinder or cross-appeal; provided that dismissal shall not be effective until 10 days after filing the notice of appeal or until 10 days after the time prescribed by rule 9.110(b), whichever is later.

[5] The Eleventh Circuit "has not addressed the issue of the date a conviction becomes final when a direct appeal is voluntarily dismissed." Adair v. Tucker, No. 5:12-cv-346-MP-GRJ, 2014 WL 2805227, at *2 (N.D. Fla. June 20, 2014). The first option is the date on which the appeal is voluntarily dismissed, and the alternative is 90 days thereafter, upon the expiration of the period to seek certiorari in the United States Supreme Court. For purposes of analysis, the Court will assume that Cooper is entitled to the 90-day period.

6

final to file the federal petition (June 27, 2012). His Petition, filed on March 5, 2015, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitations period.

Before his conviction became final, Cooper filed pro se motions for post-conviction relief under Florida Rule of Criminal Procedure 3.850 (Rule 3.850 motions) in the Suwannee and Columbia cases on June 17, 2011. See Resp. Exs. 4A at 1-18; 5A at 1-17. In the Rule 3.850 motions, he asserted that counsel (David W. Collins) was ineffective because he affirmatively misadvised Cooper about the collateral consequences of accepting a plea offer (ground one). Additionally, he stated that counsel failed to: move to disqualify Judge Paul Bryan (ground two), and use prior false allegations to impeach the victim during her deposition (ground three). On August 22, 2011, in both cases, the post-conviction court dismissed ground three as facially insufficient, and gave Cooper thirty days to re-file a facially-sufficient ground three. See Resp. Exs. 4A at 19-20; 5A at 18-19. Cooper voluntarily dismissed ground three, and requested that the court rule on grounds one and two. See Resp. Exs. 4A at 21-24; 5A at 20-24. In October 2011, the court denied Cooper's Rule 3.850 motions, stating: "This Court has denied Grounds One and Two on the merits. Ground Three remains dismissed as this Court found it was facially insufficient, and the Defendant opted not to re-file a facially sufficient claim." Resp. Exs. 4A at

30 n.2; 5A. Cooper did not appeal the post-conviction court's denial of his Rule 3.850 motions by November 24, 2011 (within thirty days of the court's denial).[6] Therefore, upon the expiration of the thirty-day appeal period, the one-year limitations period began to run the next day, November 25, 2011.

On April 24, 2012, with the benefit of counsel, Cooper filed similar requests for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (2nd Rule 3.850 motions) in the Suwannee and Columbia cases. See Resp. Exs. 8A at 50-58; 9A at 19. In the 2nd Rule 3.850 motions, Cooper asserted that counsel was ineffective because he: failed to orally move for disqualification of the trial judge and file a written motion for disqualification (ground one), and affirmatively misadvised Cooper regarding the collateral consequences of the State's plea offer (ground two). Additionally, he stated that the trial court erred when it revoked his probation without sufficient evidence (ground three). The post-conviction court denied Cooper's 2nd Rule 3.850 motions. In doing so, the court found that the motions failed to comply with Florida Rule of Criminal Procedure 3.850(c) because they lacked Cooper's oath; the motions were successive; and, ground three was procedurally barred since trial court error is not cognizable in a

---

[6] The post-conviction court advised Cooper that he could appeal the court's denial of his Rule 3.850 motion. See Resp. Ex. 4A, Order Denying Motion for Postconviction Relief, filed October 25, 2011, at 30.

motion for post-conviction relief.[7] See Resp. Exs. 8A at 59-60; 9A at 10-11. In the Suwannee case, the appellate court affirmed the post-conviction court's denial per curiam on July 24, 2012, and the mandate issued on August 21, 2012. See Resp. Ex. 9B. In the Columbia case, the appellate court affirmed the court's denial per curiam on September 5, 2012, and the mandate issued on October 2, 2012. See Resp. Ex. 8B.

The Eleventh Circuit has recognized that a Rule 3.850 motion that is not properly filed because it lacks a properly sworn oath does not toll the AEDPA statute of limitations. Hurley v. Moore, 233 F.3d 1295, 1298 (11th Cir. 2000)("We conclude that Hurley's § 2254 petition could only be considered timely if his first state post-conviction motion under Fla. R. Crim. P. 3.850, dismissed for failure to comply with the procedural requirement of a written oath, is a properly-filed post-conviction motion. It is not."); Jones v. Sec'y. Fla. Dep't of Corr., 499 F. App'x 945, 950 (11th Cir. 2012) (per curiam) (stating that because the petitioner's Rule 3.850 motion was signed only by the petitioner's counsel, and not by the petitioner himself, his Rule 3.850 motion "was not properly verified and did not toll AEDPA's limitations period") (citing Hurley, 233 F.3d at 1298); Delguidice v. Fla. Dep't of Corr., 351

---

[7] The circuit court stated: "This Court will not grant the Defendant leave to amend this facial insufficiency, as the motion would still fail even [if] this defect was corrected." Resp. Exs. 8A at 59; 9A at 10.

9

F. App'x 425 (11th Cir. 2009)(concluding that a Rule 3.850 motion filed in state court was not properly filed because it did not contain a written oath). Therefore, the one-year period of limitations was not tolled during the pendency of Cooper's 2nd Rule 3.850 motions because they were not properly filed.

During the pendency of Cooper's 2nd Rule 3.850 motions, the State of Florida filed a motion to reduce or suspend sentence pursuant to Florida Statutes section 921.186 in the Suwannee case on July 27, 2012. See Resp. Ex. 7A at 1-3. After an evidentiary hearing, the circuit court denied the State's motion on September 10, 2012. See id. at 5-47. The court found that: it lacked subject matter jurisdiction; the State failed to satisfy certain procedural requirements of the statute; and, even assuming the court had subject matter jurisdiction, the merits of the case did not warrant a reduced sentence. See id. On Cooper's appeal, he filed a pro se brief, see Resp. Ex. 7B; the State filed a motion to dismiss the appeal for lack of jurisdiction, see Resp. Ex. 7C; and Cooper filed a response to the court's show cause order, see Resp. Ex. 7D. On January 30, 2013, in a written opinion, the appellate court granted the State's motion to dismiss, and dismissed the appeal. See Cooper v. State, 106 So.3d 32 (Fla. 1st DCA 2013); Resp. Ex. 7E.[8] The

---

[8] The Florida Supreme Court subsequently disapproved of the decision in Cooper, 106 So.3d 32. See McFadden v. State, 177 So.3d 562 (Fla. 2015) (stating that denial of a motion to reduce a sentence for rendering substantial assistance is an appealable final order).

State's motion was not properly filed since the circuit court found that it lacked jurisdiction, and therefore, the one-year period of limitations was not tolled during the pendency of the State's motion.

Accordingly, there were no properly-filed applications for post-conviction or other collateral relief pending from November 25, 2011, through November 25, 2012. The November 25, 2012 anniversary date fell on a Sunday. See Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (noting that the limitations period should be calculated using "the anniversary date of the triggering event"); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008). Therefore, Cooper had until Monday, November 26, 2012, to timely file a federal petition.

After the expiration of the one-year limitations period, on September 19, 2013, Cooper filed a pro se petition seeking a belated appeal of the circuit court's denial of his Rule 3.850 motions. See Resp. Ex. 6A. The appellate court relinquished jurisdiction to the circuit court, and after an evidentiary hearing, the appointed special master recommended that the appellate court grant Cooper's petition. See Resp. Ex. 6B. The special master reasoned:

> Altogether, the undersigned special master concludes that the failure to file the appeal was the result of a misunderstanding, and not of wrongdoing on either the Petitioner or the attorney. The Petitioner simply believed the attorney would file the appeal on

> his behalf, but the attorney, who does not
> handle criminal appeals, believed he was hired
> to assist the Petitioner and his family in
> another postconviction proceeding. . . .

Id. at 2. On February 18, 2014, the appellate court granted Cooper a belated appeal of the circuit court's denial of his Rule 3.850 motions in the Columbia and Suwannee cases, and stated that the opinion would serve as the notice of appeal upon issuance of the mandate. See Cooper v. State, 131 So.3d 829 (Fla. 1st DCA 2014) (per curiam); Resp. Ex. 6C. The mandate issued on March 6, 2014. See Resp. Ex. 6C.

To toll the one-year limitations period under § 2244(d)(2), a proceeding must be a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." Espinosa v. Sec'y, Dep't of Corr., 804 F.3d 1137, 1140 (11th Cir. 2015) (quoting 28 U.S.C. § 2244(d)(2)). Despite the granting of Cooper's petition for belated appeal, the petition was filed after the one-year limitations period had expired. The Eleventh Circuit has addressed whether a petition for belated appeal (filed after the one-year limitations period had already expired, and later granted by the state appellate court) could retroactively toll the one-year limitations period. Moore v. Crosby, 321 F.3d 1377, 1379-80 (11th Cir. 2003). The Court stated:

> In conclusion, we hold that the petitioner's
> belated appeal motion was not pending during
> the limitations period. The statutory tolling
> provision does not encompass a period of time
> in which a state prisoner does not have a

> "properly filed" post-conviction application actually pending in state court. A state application filed after expiration of the limitations period does not relate back so as to toll idle periods preceding the filing of the federal petition. The plain language of the statute provides for tolling "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2). While a "properly filed" application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired. . . .

Id. at 1381; see Mashburn v. Comm'r, Ala. Dep't of Corr., 2017 WL 4857443, at *5-6 (Oct. 26, 2017). Thus, Cooper's petition for belated appeal filed after the AEDPA limitations period had expired "does not operate to revive" an expired AEDPA clock. Id.; see Response at 18-20.

With the one-year limitations period having expired on November 26, 2012, none of Cooper's motions filed after November 26, 2012, could toll the limitations period because there was no period remaining to be tolled.[9] See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that, where a state prisoner files post-conviction motions in state court after the AEDPA

---

[9] Cooper filed other motions that did not toll the one-year limitations period because they were filed after the AEDPA limitations period had expired. See Resp. Exs. 10A (filed November 30, 2012); 11A at 1-52 (filed December 19, 2012); 11A at 95-122 (filed September 29, 2014); 12A (filed June 12, 2013); 13A (filed February 25, 2016).

13

limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll"); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition like Webster's that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Given the record, Cooper's March 5, 2015 Petition is untimely filed, and due to be dismissed unless Cooper can establish that equitable tolling of the statute of limitations is warranted.

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015), cert. denied, 137 S.Ct. 830 (2017). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and citation omitted); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017), petition for cert. filed, No. 17-6146 (U.S. July 25, 2017). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet, 853 F.3d at 1221 (quotations and

citation omitted). The burden is on Cooper to make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted).

Cooper asserts that he timely filed the Petition, see Amended Petition at 7; see also Petition at 2, and has not asserted any entitlement to equitable tolling. As such, Cooper has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### III. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If Cooper seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Cooper "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve

15

encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' request to dismiss (Doc. 17) the Amended Petition as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE.**

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. If Cooper appeals the dismissal of the Amended Petition, the Court denies a certificate of appealability. Because this Court

has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of November, 2017.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

sc 11/6
c:
Arthur Cooper, FDOC #544030
Counsel of Record